IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **VERONICA MOORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-756-SDJ-KPJ |
| **NICKEL CITY GROUP LLC and** | § | |
| **THE CINCINNATI INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. The Court recommends Plaintiff Veronica Moore's ("Plaintiff") claims be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) states,"[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Plaintiff failed to effect service within ninety days after filing her complaint, as required. Plaintiff initiated this lawsuit on September 30, 2021, asserting claims against Nickel City Group LLC and the Cincinnati Insurance Company (together, "Defendants"). *See* Dkt. 1. Summonses were issued the same day. *See* Dkts. 2–3. As of April 8, 2022, a return of service had not been filed for either defendant. *See* Dkt. 5. Accordingly, the Court ordered Plaintiff to serve Defendants no later than April 22, 2022. *Id*. The Court's order provided as follows: "If Plaintiff fails to serve Defendants or otherwise act, the Court will recommend that Plaintiff's claims be dismissed without prejudice. If dismissal is satisfactory to Plaintiff, no further action is necessary." *Id.* Since then,

Plaintiff has not filed a return of service or otherwise indicated her intent to proceed in this litigation.

It is, therefore, recommended that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of April, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE